# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAY L. STEVENSON,

      Plaintiff,

v.

JOHN LUETCHER, JOHN RICHARD FISKE, SCOTT ASPLUNG, CITY OF GREEN BAY, TOM MOLITOR, and BROWN COUNTY,

      Defendants.

Case No. 25-CV-126-JPS

**ORDER**

  Plaintiff Ray L. Stevenson, an inmate confined at Shawano County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional and state law rights were violated. ECF No. 1. Plaintiff filed an appeal shortly after the case was filed. ECF No. 8. On May 5, 2025, the Seventh Circuit dismissed the appeal for a lack of jurisdiction. ECF No. 22. At the Court's direction, Plaintiff filed an amended complaint on July 9, 2025. ECF No. 33. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his amended complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 5, 2025, the Court assessed $0.00 as an initial partial filing fee. ECF No. 29. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 11. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE AMENDED COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings his amended complaint against Defendants City of Green Bay, Brown County, District Attorney John Luetcher, Officer Scott Asplung, Attorney John Richard Fiske, and Green Bay Chief of Police Tom Molitor. ECF No. 33 at 1. Plaintiff alleges violations of his right to effective counsel against Defendant Fiske, his criminal defense attorney. *Id.* at 7. Plaintiff maintains that Attorney Fiske failed to obtain exculpatory and impeachment evidence. *Id.* at 11. Plaintiff also alleges that Attorney Fiske wrongly coerced him into accepting a plea bargain. *Id.*

Plaintiff alleges that District Attorney Luetcher failed to disclose exculpatory and impeachment evidence. *Id.* at 12. Attorney Luetcher was aware that no DNA evidence could link Plaintiff to the victim's person. *Id.* Plaintiff alleges that Police Officer Asplung mishandled exculpatory evidence, maliciously prosecuted him, and conspired to withhold or suppress exculpatory and impeachment evidence. *Id.* at 14–15. Plaintiff seeks, among other things, an immediate injunction from the Court to vacate his criminal conviction in Case No. 05-CF-777. *Id.* at 4, 16.

**2.3     Analysis**

The Court finds that Plaintiff's claims are be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that for a plaintiff to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486–87. This rule applies regardless of a plaintiff's release from custody and the unavailability of habeas relief. *Savory v. Cannon*, 947 F.3d 409, 430 (7th Cir. 2020) ("*Heck* controls the outcome where a section 1983 claim implies the invalidity of the conviction or the sentence, regardless of the availability of habeas relief.").

Here, Plaintiff alleges constitutional violations against Defendants that led to his criminal conviction. Plaintiff requests the Court to vacate his criminal case. Since nothing in Plaintiff's pleadings or the publicly available information suggests his conviction has been invalidated or called into question, the Court finds that his challenge to these proceedings is therefore *Heck*-barred.[1]

---

[1] In any event, the Court also notes that Plaintiff could not proceed on a claim against Defendant John R. Fiske. It is unclear whether Attorney Fiske was a public defender as opposed to privately counsel retained by the public defender's office. Under either circumstance, however, Plaintiff's § 1983 claim against Attorney Fiske would fail because "a lawyer is not a state actor when he [or she] performs the traditional function of counsel to a defendant in a criminal case." *Walton v. Neslund*, 248 F. App'x 733, 733 (7th Cir. 2007). Thus, Attorney Fiske did not act under color of state law and could not be held liable under § 1983.

Finally, although courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Because no amendment can overcome Plaintiff's *Heck* issue, it would be futile to allow him to amend the complaint. As such, the Court is obliged to dismiss this action, without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed without prepayment of the filing fee, ECF No. 11, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** because it is *Heck*-**barred**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.