# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAY L. STEVENSON,

      Plaintiff,

v.

JOHN LUETCHER, JOHN RICHARD FISKE, SCOTT ASPLUNG, CITY OF GREEN BAY, TOM MOLITOR, and BROWN COUNTY,

      Defendants.

Case No. 25-CV-126-JPS

**ORDER**

  Plaintiff Ray L. Stevenson, an inmate confined at Shawano County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional and state law rights were violated. ECF No. 1. On July 29, 2025, the Court screened Plaintiff's complaint, found that it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), dismissed the case without prejudice, and entered judgment accordingly. ECF Nos. 34, 35. On August 11, 2025, Plaintiff filed a motion for reconsideration. ECF No. 36.

  The Court will deny Plaintiff's motion for reconsideration. Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the

movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, Plaintiff's motion does not meet the high burden necessary to succeed. Plaintiff now indicates that he does not wish to invalidate his conviction; however, his amended complaint sought to vacate and expunge his conviction. *See* ECF No. 33 at 16. Alternatively, Plaintiff seeks reconsideration because the suppression of exculpatory evidence constitutes a fundamental miscarriage of justice because his conviction is tainted by constitutional violations. ECF No. 36. Plaintiff has not established a manifest error of law or presented newly discovered evidence to proceed. As such, the Court is obliged to deny Plaintiff's motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, ECF No. 36, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge