# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAY L. STEVENSON,<br><br>        Plaintiff,<br>v.<br><br>JOHN LUETCHER, JOHN RICHARD FISKE, SCOTT ASPLUNG, CITY OF GREEN BAY, TOM MOLITOR, and BROWN COUNTY,<br><br>        Defendants. | Case No. 25-CV-126-JPS<br><br>**ORDER** |

  Plaintiff Ray L. Stevenson, formerly confined at Shawano County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional and state law rights were violated. ECF No. 1. On July 29, 2025, the Court screened Plaintiff's complaint, found that it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), dismissed the case without prejudice, and entered judgment accordingly. ECF Nos. 34, 35. On September 9, 2025, the Court denied Plaintiff's motion for reconsideration. ECF No. 37. On September 19, 2025, that order was returned as undeliverable. ECF No. 38. On October 1, 2025, Plaintiff filed a notice of change of address. ECF No. 39. On November 10, 2025, Plaintiff filed a notice of appeal. ECF No. 40. On December 4, 2025, Plaintiff filed a motion for reconsideration to reinstate civil action and a motion to reopen the time to appeal. ECF No. 44. On December 5, 2025, Plaintiff filed a motion to proceed on appeal without prepayment of the filing fee. ECF No. 46.

  First, the Court will deny Plaintiff's second motion for reconsideration to reinstate the case for the reasons stated in its previous

order. *See* ECF No. 37. Second, the Court will deny Plaintiff's motion to reopen the time to appeal. Rule 4(a) of the Federal Rules of Appellate Procedure requires that the party appealing an order or judgment in a civil case file a notice of appeal in the district court within thirty days of the entry of the judgment or order appealed.

A district court may extend the time to file a notice of appeal in two instances. First, the court may extend the time upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). In that instance, the party must move for an extension no later than thirty days after the expiration of their initial thirty days to appeal (meaning the request for extension must be filed no later than sixty days after the entry of judgment). *Id.* Alternatively, the district court may reopen the time to file an appeal. Fed. R. App. P. 4(a)(6). To do so, the court must find that the moving party did not receive notice of the entry of judgment within twenty-one days after entry and that no party would be prejudiced. *Id.* Any motion to reopen must be filed within 180 days after the court enters judgment or within fourteen days after the moving party received notice of the judgment, whichever is earlier. *Id.*

Here, under Rule 4(a)(5), Plaintiff had until November 8, 2025 (sixty days after the entry of the order denying reconsideration) to file a request for an extension of time to appeal. The Court did not receive Plaintiff's motion for an extension until December 4, 2025, almost a month late. The Court cannot grant an extension request that was not timely filed. *Harvey v. Gramley,* 37 F.3d 1501 (7th Cir. 1994) ("If the motion [for extension of time to appeal] is not timely made, the district court is not authorized to grant an extension of the appeal period."). Because Plaintiff did not timely file his motion for an extension, the Court cannot consider whether there is good

cause to extend the time to appeal and must deny Plaintiff's motion in regard to Rule 4(a)(5).

Next, the Court considers Plaintiff's motion in regard to reopening the time to file an appeal. Plaintiff indicates that he did not timely receive the Court's order due to his address changing and experiencing homelessness at some point. ECF No. 44. Plaintiff's motion does not explain when he was released from custody; however, he did update his address on October 1, 2025 and must have received the order denying reconsideration because he filed a notice of appeal on November 10, 2025. *See* ECF Nos. 39, 40. Rule 4(a)(6) requires that a party must file a motion to reopen within 180 days after the court enters judgment or within fourteen days after the moving party received notice of the judgment, whichever is *earlier*. Even assuming for the sake of argument that Plaintiff did not receive notice of the order denying reconsideration until he filed the notice of appeal on November 10, 2025, Plaintiff then had fourteen days from that date to file his motion to reopen. As such, Plaintiff's motion needed to be filed by November 24, 2025. Plaintiff's motion is not dated; however, the envelope is stamped December 2, 2025 and the Court did not receive it until December 4, 2025. As such, the Court finds that Plaintiff's motion to reopen the time to appeal is untimely. As such, the Court is obliged to deny Plaintiff's motion for to reopen because it was not timely filed under either Rule 4(a)(5) or 4(a)(6).

Finally, the Court will deny Plaintiff's motion to proceed on appeal without prepayment of the filing fee. Plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Plaintiff takes the appeal in "good faith," the Court must

Page 3 of 5
Case 2:25-cv-00126-JPS    Filed 12/16/25    Page 3 of 5    Document 47

determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

As applied here, the Court finds that Plaintiff's appeal is not taken in good faith. As described in the Court's order denying reconsideration, ECF No. 37, the Court explained that Plaintiff's claims are *Heck* barred and finds that a reasonable person would not find that Plaintiff's appeal has merit. As such, the Court finds that Plaintiff's appeal is not taken in good faith and will deny his motion to proceed without prepayment of the filing fee.

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiff regarding proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without paying the filing fee, unless the court of appeals gives him permission to do so. Plaintiff has 30 days from the date of this order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this order, in addition to the notice of appeal he previously filed. If Plaintiff does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to

pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration and motion to reopen the time to appeal. ECF No. 44, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to appeal without prepayment of the filing fee, ECF No. 46, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge